Case 5:08-cr-00244   Document 1461   Filed on 01/22/21 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JAIME MIGUEL DIAZ-DE LEON § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 5:20-CV-132 |
| § | CRIM. NO. 5:08-CR-244-22 |
| UNITED STATES OF AMERICA § | |

**OPINION AND ORDER**

Jaime Miguel Diaz De Leon ("Movant") has filed a successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[1] which has been tentatively authorized by the Fifth Circuit. The Government has now responded with a motion to dismiss[2] and the motion is ripe for consideration.

**I    BRIEF BACKGROUND**

In early 2006, Movant, working with the Gulf Cartel (a drug trafficking organization) and its enforcement arm, the Zetas, was involved in the attempted murder of a perceived rival to the Gulf Cartel. This was one of many attempted murders and actual murders that the Gulf Cartel and the Zetas carried out to further their drug trafficking business in and through Laredo, Texas. Movant was eventually charged with five counts but pled to violations of 18 U.S.C. § 1952 ("Count 24") and 18 U.S.C. § 924(c) ("Count 26") only.[3] As part of his plea agreement, Movant waived his right to appeal and also waived his right to file a collateral attack.[4] Movant did not file an appeal but in time he did file a motion pursuant 28 U.S.C. § 2255.[5] That motion was

---

[1] Dkt. No. 1
[2] Dkt. No. 14.
[3] Dkt. No. 749. (All docket references hereafter are to Criminal Case No. 5:08-cr-244-22.)
[4] Dkt. No. 282.
[5] Dkt. No. 1285.

denied on the merits.[6] Movant then filed an application to file a second or successive motion, which was denied by the Fifth Circuit.[7] Movant then sought and received authorization to file another successive motion but the "grant of authorization is tentative [] in that the district court must dismiss the application without reaching its merits should the court determine that [Movant] has failed to satisfy the requirements for filing the application."[8] If Movant cannot meet, the Court has no jurisdiction to consider Movant's claim. Thus, the Court begins with the jurisdictional issue.

## II    JURISDICTION

### Legal standard

Since this is a successive motion, Movant's motion is governed by 28 U.S.C. § 2255(h) and § 2244(b).[9] Relevant here, a Circuit Court may authorize a successive motion if a prisoner makes a prima facie showing that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[10] Movant seeks to vacate his convictions for violation of 18 U.S.C. § 1952 ("Count 24") and 18 U.S.C. § 924(c) ("Count 26") claiming that both are invalidated by the Supreme Court's ruling in *United States v. Davis*.[11] *Davis* held that the residual clause of the definition of "crime of violence" found in § 924(c)(3)(B) is unconstitutionally vague.[12] *Davis* announced a new rule of constitutional law and has been held to apply retroactively on a first habeas

---

[6] Dkt. No. 1292.
[7] See Court of Appeals Dkt. No. 18-40582.
[8] Dkt. No. 1408.
[9] *Reyes-Requena v. United States*, 243 F. 3d 893 (5th Cir. 2001).
[10] *In re Fields*, 826 F.3d 785, 786 (5th Cir. 2016).
[11] 139 S. Ct. 2319 (2019).
[12] *Id.* at 2336.

petition.[13] Thus, Movant has made a sufficient showing such that the Fifth Circuit has authorized him to proceed before this Court.

Movant, however, must now overcome another hurdle. Movant must now "actually prove at the district court level that the relief he seeks relies [] on a new, retroactive rule of constitutional law . . . Where a prisoner fails to make the requisite showing before the district court, the district court lacks jurisdiction and must dismiss his successive petition without reaching the merits."[14] Here, Movant has not, and indeed, cannot make that showing.

### The convictions

Movant was convicted of violations of 18 U.S.C. § 1952 ("Count 24") and 18 U.S.C. § 924(c) ("Count 26"). The indictment for Count 24 charges, in relevant part:

> COUNT TWENTY-FOUR
> (ITAR – Attempted Murder of Chapos)[15]
> On or about February 8, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, [Movant] did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and use a facility in interstate and foreign commerce, that is a cellular telephone, with the intent to commit a crime of violence to further an unlawful activity, that is a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly attempted to commit a crime of violence to further such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2)(B) and 2.[16]

Count 26, in relevant part, charges:

> COUNT TWENTY-SIX
> (Use of Fireman in Crime of Violence and Drug-Trafficking Crime)
> On or about February 8, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, [Movant] did knowingly and intentionally possess at least one firearm . . . in furtherance of a crime of violence

---

[13] *United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019). (Admittedly, neither the Supreme Court nor the Fifth Circuit have held that *Davis* applies retroactively on a successive habeas petition.)
[14] *United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019), as revised (Apr. 25, 2019), cert. denied, 140 S. Ct. 866, 205 L. Ed. 2d 506 (2020).
[15] The "Chapos" refers to the Sinaloa Cartel, a rival drug trafficking organization. See Dkt. No. 883, p. 3.
[16] Dkt. No. 883, p. 32-33.

which may be prosecuted in a court of the United States, that is Interstate Travel in Aid of Racketeering as charged in Count Twenty-Four of the Indictment and drug trafficking crime which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as charged in Count One of the Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(B)(ii) and 924(c)(1)(C)(i) and (ii) and 2.[17]

### *The Facts*

At the time of his plea, Movant signed a Factual Statement in Support of Plea Agreement.[18] In such statement, Movant admitted that he along with other members of the Gulf Cartel travelled and/or communicated via cell phones to and from the United States and Mexico to arrange an assassination in Laredo, Texas by having two "sicarios"[19] travel from Mexico into the United States and to provide them with firearms and a place to stay.[20] While Movant, through his attorney, then contested various facts that Movant had agreed to in the Factual Statement, Movant nonetheless admitted that he agreed to assist "two young men . . . coming from Mexico to the United State to commit this murder."[21] Movant further agreed "it was [his] intent here to commit . . . a crime of violence, that is a murder in this case, and the purpose of that was to further the unlawful activity of the organization, that is of the drug trafficking. That was the purpose of committing this murder."[22] Movant also admitted that "although a murder was not actually carried out, that actions were taken to intentionally and knowingly attempt to commit this crime of violence, the murder by, for example, having [two sicarios] come here, [] finding them a place to stay, assisting them with getting them clothing. . . . that actions were taken to

---

[17] *Id*. p. 34.
[18] Dkt. No. 283.
[19] Assassins (See Dkt. No. 883, p. 4.)
[20] Dkt. No. 283.
[21] Dkt. No. 1440, p. 86.
[22] Dkt. No. 1440, p. 87.

fulfill the purpose here of committing this murder."[23] Finally, Movant admitted that he "knowingly provided some assistance here towards this objective of committing this murder."[24] With these facts in mind, as explained below, Movant cannot prove that his convictions were based on the residual clause invalidated by *Davis*.

### *Legal standard applied to convictions and facts*

First, *Davis* did not disrupt § 924(c)'s provision that makes it a crime to use, carry or possess a firearm in connection with a drug trafficking crime.[25] The record here clearly reflects that for both Count Twenty-Four and Count Twenty-Six, the travel and possession of the firearm was in furtherance of the Gulf Cartel's unlawful activity, that being drug trafficking. "Unlawful activity" is defined, in pertinent part, as "any business enterprise involving . . . narcotics or controlled substances."[26] Drug trafficking would thus constitute an unlawful activity. Defendant admitted that the attempted murder was to further the Gulf Cartel's drug trafficking.

Second, the residual clause held constitutionally invalid in *Davis* defines a crime of violence as one "that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[27] *Davis* left undisturbed the section of § 924(c)(3) that defines a crime of violence as one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[28] Although no specific statutory reference was identified for the elements of murder in this case, the Fifth Circuit has held that attempted murder under the federal statute qualifies as a crime of violence under the elements clause of § 924(c)(3).[29] Similarly, the Fifth Circuit has

---

[23] *Id*. p. 88.
[24] *Id*.
[25] 18 U.S.C. § 924(c)(1)(A).
[26] 18 U.S.C. § 1952(b)(i).
[27] 139 S. Ct. at 2323.
[28] 18 U.S.C. § 924(c)(3)(A).
[29] *United States v. Smith*, 957 F.3d 590, 594 (5th Cir. 2020).

held Texas murder qualifies as a violent felony pursuant to 18 U.S.C. § 924(e)(1)(2)(B) which defines violent felony as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[30] The only distinction between the definition of "violent felony" in § 924(e)(1)(2)(B) and "crime of violence" in § 924(c)(3)(A) is the inclusion in the latter of "or property." Thus, this Court determines that Texas murder qualifies as a crime of violence pursuant to the elements clause of 18 U.S.C. § 924(c)(3)(A).

For the same reasons, murder would qualify as a crime of violence for purposes of § 1952(a)(2). The term "crime of violence" is not defined in § 1952(a)(2) but rather is defined by cross-reference to §16.[31] Section 16 defines "crime of violence" in the same manner as § 924(c)(3)(A) as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[32]

### III   CONCLUSION

Thus, it is clear that Movant cannot prove that his convictions rely on the residual clause invalidated by *Davis*. For the foregoing reasons, the Court finds that Movant has failed to meet his burden to prove, by a preponderance of the evidence, that the relief he seeks (vacating his convictions) relies on a new, retroactive rule of constitutional law as pronounced in *Davis*. The Court therefore **GRANTS** the United States Motion to Dismiss and hereby **DISMISSES** Jaime Miguel Diaz De Leon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

---

[30] *United States v. Vickers*, 967 F.3d 480, 487.
[31] *United States v. Watts*, 18-10959, 2020 WL 6703180, at 2 (5th Cir. Nov. 13, 2020) ("For purposes of § 1952(a)(2) offenses, the term "crime of violence" is defined in § 16, which includes an elements clause, § 16(a), and a residual clause, § 16(b).(Internal citation omitted.)
[32] Section 16 also includes a residual clause which was held unconstitutional by *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

Sentence by a Person in Federal Custody. The Court additionally **DENIES** the request for appointment of counsel[33] and *sua sponte* **DENIES** a Certificate of Appealability.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 22nd day of January, 2021.

                                          Micaela Alvarez
                                          United States District Judge

---

[33] Dkt. No. 1456.